1818.

COOPER
v.
CLASON.

---

## COOPER and wife *against* CLASON and others.

Where a testator, by his will, devised as follows : "I do give, &c. to my daughter *E. C.*, during her separation from *W. C.* her present husband, one thousand dollars a year, which sum is hereby charged upon my real estate :" *Held*, that a *voluntary* separation of *E. C.* from her husband would not entitle her to the annuity, for she can establish no claim on her own violation of conjugal duty.
Whether the separation, which is to give effect to the bequest, must not have existed at the time of the testator's death ? *Quære.*

THIS cause came on for argument upon the *amended* bill, which contained this averment: "That, immediately after the death of the said testator, your orators separated from each other, and lived separate and apart from each

*October 7th.*

1818.

COOPER
v.
CLASON.

other, for more than one year, on account of some unfortunate occurrences which your orators are advised, by their counsel, it is not necessary particularly to state; but they expressly declare, that such separation did not take place with any view, or design, whatever, of obtaining, or securing, thereby, the payment of the said annuity."

Some of the defendants, in their answer, denied the fact of such separation, and others admitted it, but were ignorant of the cause.

The words of the bill, on which the plaintiffs relied, were as follows : " I do give and bequeath to my daughter *Eliza Cooper*, during her separation from *William Cooper*, her present husband, 1,000 dollars a year, which sum is hereby charged upon my real estate."

The will was dated the 26th of *April*, 1810, and the plaintiffs then lived separate; they afterwards came together, and lived and cohabited together, until after the death of the testator.

*R. Sedgwick*, for plaintiffs.

*Robinson*, *Bristed*, and *Jay*, for defendants.

THE CHANCELLOR said, the case was not essentially different from what it was when presented in *June* last. (*a*) Whether the separation must not have existed at the testator's death, to give effect to the annuity, need not be considered, though, probably, that ground would be decisive. But the wife must show, at least an involuntary separation on her part, to entitle her to the annuity. It cannot be applied to a voluntary separation; the court cannot permit a wife to establish a claim founded on her own violation of conjugal duty.

Bill dismissed with costs.

(*a*) Vide S. C. ante p. 382.